SK Prime Med. Supply v Country Wide Ins. Co. (2021 NY Slip Op
51204(U))

[*1]

SK Prime Med. Supply v Country Wide Ins. Co.

2021 NY Slip Op 51204(U) [73 Misc 3d 142(A)]

Decided on December 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-456 K C

SK Prime Medical Supply, as Assignee of
Evans, Eddie, Respondent, 
against
Country Wide Insurance Company, Appellant.

Jaffe & Velazquez, LLP (Jean H. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered January 28, 2019. The order denied defendant's cross motion for summary
judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's cross motion for
summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment and defendant cross-moved for summary judgment dismissing the
complaint on the ground that defendant had not issued an insurance policy covering the accident
in question. The Civil Court denied defendant's cross motion without addressing plaintiff's
motion for summary judgment.
In support of its cross motion, defendant submitted an affidavit from its underwriting
department's New Business Supervisor which was sufficient to demonstrate that defendant had
not issued a policy covering the subject loss (see Pavlova v Country Wide Ins. Co., 59 Misc 3d 151[A], 2018 NY
Slip Op 50843[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). In opposition to
defendant's prima facie showing that there was no coverage in effect at the time of the accident,
plaintiff failed to demonstrate the existence of a triable issue of fact. As a result, defendant's
cross motion for summary judgment should have been granted and, consequently, there is no
need to remit the matter to the Civil Court for further proceedings upon plaintiff's motion for
summary judgment (see New
Millennium Med. Imaging, P.C. v Charter Oak Fire Ins. Co., 64 Misc 3d 137[A], 2019
NY Slip Op 51163[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019];
Pavlova, 2018 NY Slip Op 50843[U]; New Way Med. Supply Corp. v Dollar Rent A [*2]Car, 49 Misc 3d 154[A], 2015 NY Slip Op 51794[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
Accordingly, the order is reversed and defendant's cross motion for summary judgment
dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2021